UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH BASKIN                                                                                          PETITIONER

V.                                                        CIVIL ACTION NO. 3:09-cv-551-CWR-LRA

DANNY SCOTT                                                                                        RESPONDENT

ORDER ADOPTING PROPOSED
FINDINGS AND RECOMMENDATION
AND DISMISSING PETITION

      This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Linda Anderson entered in this cause on June 25, 2012. Magistrate Judge Anderson made a careful review of Baskin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] as well as the Respondent's Response [Docket No. 6], Petitioner's Rebuttal [Docket No. 9] and the state court record [Docket No. 7]. Magistrate Judge Anderson concluded that the petition should be dismissed with prejudice. [Docket No. 16]. Petitioner seeks a review of the Recommendation, and for the reasons below, this Court overrules the objection.

*Procedural History*

      Baskin was found guilty of possession of a controlled substance with intent to sell as a habitual offender by a jury composed of citizens of Madison County, Mississippi. He was sentenced to a term of sixty years in the custody of the Mississippi Department of Corrections without the possibility of parole or early release. *Baskin v. State*, 986 So. 2d 338, 344 (Miss. Ct. App. 2008).

      He appealed his conviction to the Mississippi Supreme Court, which in turn submitted the case to the Mississippi Court of Appeals for consideration. The Mississippi Court of

Appeals affirmed Baskin's conviction. *Id.* Before the Court of Appeals, he argued three points of error: (1) there was insufficient evidence establishing that he had the intent to sell the controlled substance, consequently the trial court should have granted his motion for directed verdict or request for new trial; (2) that his sentence was grossly disproportionate to the crime; and (3) the trial court erred when it allowed the State to amend the indictment after the jury verdict, but before sentencing. *Id.* at 341-44.

In a thorough decision analyzing each point the Court rejected Baskin's claims and affirmed his conviction and sentence. Baskin sought rehearing, which the court denied, and then petitioned for certiorari to the Mississippi Supreme Court, but the request was denied. *Baskin v. State*, 987 So. 2d 451 (Table) (Miss. 2008).

Through the instant Petition seeking federal habeas review, Baskin again raises three grounds, albeit the same grounds raised in the state court, for which he seeks relief:

(1) whether the trial court erred in denying the Motion for Directed Verdict or a New Trial;

(2) Trial Court violated petitioner's Eighth Amendment Rights by sentencing him to a grossly disproportionate sentence; and

(3) whether the trial court erred in allowing the indictment to be amended prior to sentencing, but after conviction.

Magistrate Judge Anderson found that the Court of Appeals had reviewed each of these grounds and that Baskin had presented nothing in his habeas petition to overcome the deference that must be accorded the state court's decision. Furthermore the state court's rejection of Baskin's arguments were not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). The Court, therefore, concluded there were no grounds for habeas relief. [Docket No. 16], at 14. Baskin now claims that Magistrate Judge Anderson got it wrong and basically re-hashes the same arguments presented to the state court and to the

Magistrate Judge, and urges this Court to grant him an evidentiary hearing. At best though, his objections are general in nature and attack the Magistrate Judge's Report and Recommendation for the same reasons he attacked the decision of the Mississippi Court of Appeals.

*Standard of Review*

The Court applies a *de novo* standard of review to those proposed findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(l). The Court must examine the entire record and will make an independent assessment of the law. But, the Court is not required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Moreover, this Court need not consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner simply re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

*Discussion*

As noted above, the objections Baskin raises are the same as those presented to the state court on direct appeal and which were presented to the Magistrate Judge. The Magistrate Judge completely and thoroughly addressed those issues. Petitioner's objections are general in nature and merely repeat what has been thoroughly analyzed. They are treated with the same effect as a failure to object. *Grant v. Epps*, 1:10-cv-320, 2012 WL 3965090, *1 (S.D. Miss. Sept. 11, 2012). In these instances, the Court must only review the relevant portion of the Proposed Findings of Fact and Recommendation to determine whether the analysis or conclusions are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the Proposed Findings of Fact and Recommendation, the Court

finds the Magistrate Judge's thorough analysis and conclusions to be correct under existing Supreme Court Precedent.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [Docket No. 16] of U.S. Magistrate Linda R. Anderson entered in this cause on June 25, 2012 is adopted as the Order of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this 28th day of November, 2012.

                                           s/ Carlton W. Reeves
                                           UNITED STATES DISTRICT JUDGE